961 A.2d 699

IN THE MATTER OF JONATHAN SAINT–
PREUX, AN ATTORNEY AT LAW.

September 11, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–403, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **JONATHAN SAINT–PREUX** of **IRVINGTON,** who was admitted to the bar of this State in 1992, and who has been temporarily suspended from the practice of law since May 2, 2007, should be disbarred based on his conviction in the United States District Court for the District of New Jersey to one count of submitting false immigration documents, in violation of 18 *U.S.C.A.* § 1546(a) and (2), conduct that violates *RPC* 8.4(b) (criminal conduct that reflects adversely on attorney's honesty, trustworthiness, or fitness as a lawyer) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And **JONATHAN SAINT–PREUX** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **JONATHAN SAINT–PREUX** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys; and it is further

ORDERED that **JONATHAN SAINT–PREUX** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained

by **JONATHAN SAINT–PREUX** pursuant to *Rule* 1:21–6 be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.